[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
The plaintiffs, taxpayers in the Town of New Milford and owners of lots one through nine in the Millstone Ridge subdivision brought this action in four counts against the defendant, Millstone Ridge Tax District seeking a dissolution of the district and an injunction against the levying and collection of taxes by the district. The parties have filed a stipulation of the relevant facts. Appendix A.
The plaintiffs claim in the first count of their complaint and the parties stipulate, (Stipulation, Paragraphs 5 and 6), that the defendant tax district failed to make a proper recordation of its name and description of CT Page 7402 its territorial limits to the town clerk of the Town of New Milford and to the State of Connecticut, Office of Policy and Management within 30 days after the election of officers as required by Section 7-325 of the Connecticut General Statutes. Plaintiffs then concede in Paragraph 8 of the Stipulation that a Special Act of the Connecticut General Assembly entitled, "An Act Validating Certain Actions of the Board of Selectmen of the Board of the Town of Wilton and the Millstone Ridge Tax District in the Town of New Milford,", No. 89-13, was passed by the state legislature and approved on May 17, 1989. This Act validates all acts of the Millstone Ridge Tax District and states in Section 2 that the Millstone Ridge Tax District "shall be deemed to have existed as a body corporate and politic on October 24, 1987, and all actions of the board of directors of the Millstone Ridge Tax District, taken during the period commencing October 2, 1987 and ending on May 25, 1988, otherwise valid for the failure of said district to file the report required by said subsection (c) in the time required by said subsection (c), are hereby validated." Accordingly, the tax district was validly created.
In addition, Section 7-325 of the Connecticut Statutes provides a penalty of a five hundred dollar limit in subsection (d) for the failure to properly file. This would be the sole remedy for the failure to file on the part of the defendants, in the absence of any other statutory provision providing for any other remedy.
 II
The plaintiffs claim that the tax district was improperly formed because it contains property which is not "contiguous". They claim that the non-contiguous property is a public road which is maintained by the Town of New Milford and lies within the tax district. (Stipulation, second count, paragraph 2). It is the defendant's position that all property within the tax district is contiguous in that no one else owns property in the tax district who is not a member of the district. This issue was dealt with extensively at the public hearing on the creation of the tax district held on October 24, 1987, the transcript of which has been introduced into evidence in this case. These same property owners of Lots 1 through 8 objected to the creation of the tax district arguing non-contiguity because of the public road. They were represented by counsel at the public hearing, who made their legal argument. At page 7 of the transcript, Attorney Peter Arturi for Mr. Bagnall objected to the call of the meeting to form the tax CT Page 7403 district on this basis. At page 8 of the transcript, First Selectman Chapin responds that ". . . probably every tax district that we have formed is separated by highways." First Selectman Chapin then yielded the floor to town counsel Sienkiewicz, who ruled that the properties within the tax district are contiguous because there is a legal presumption in Connecticut that the owners of property on each side of the road own to the center line of the highway subject to the right of the public to pass and repass over that land which is the highway.
Abutting owners are presumed to own in fee to the center of a highway including abutting owners on both sides of a road. Antenucci v. Hartford Roman Catholic Diocesan Corporation, 142 Conn. 349, 355; General Dynamics Corporation v. Groton, 184 Conn. 483, 494; Luf v. Southbury, 188 Conn. 336, 391. Under the law concerning abutting owners, this claim of the plaintiffs must be rejected.
 III
In the third count of the plaintiffs complaint they claim that it is unfair for plaintiffs to be included as members of the tax district in that plaintiffs do not use and have not used the private roads or public beach area used by other residents of the tax district. The plaintiffs have provided no legal basis in the third count upon which this court can base a decision dissolving or reducing the boundaries of the tax district. The plaintiffs solution is legislative and not judicial. If they do not like the statutes creating tax districts, or allowing withdrawals from them, they must seek a change in the law. In fact, the plaintiffs do receive as many benefits as other landowners in the tax district. Judge Dranginis in her decision in the Litchfield Superior Court case of Meier v. Millstone Ridge Tax District, No. CV 87 45093, July 26, 1989, at page 12 stated:
 The rights granted in Volume 90, page 12, of the New Milford Land Records, which is the easement from CLP to Ivan Allen, are appurtenant, and run with the land for the benefit of all property owners owning property in Millstone Ridge, so-called.
All property owners in the Millstone Ridge Tax District share in common the easement or "beach right" granted to the original owner of the property upon which the tax district is based. Lot owners 1 through 9, by CT Page 7404 virtue of the membership in the tax district, have the right to enjoy the sole use of this beach area in front of their homes. In addition, the plaintiffs share the same rights to use all other tax district roads and facilities as other members of the district.
While the plaintiffs may not need access to other roads that the public highway adjoining their property for access, they have the right to use all roads in the district.
 IV
The plaintiffs claim in the fourth count of their complaint that there was a vote on June 4, 1988 in which four board members approved a resolution to exclude Lots 1 through 8 from the Millstone Ridge Tax District. (Stipulation fourth count, paragraph 4.) The plaintiffs concede, however, that proper notice was not subsequently given for the meeting of lot owners 1 through 8, pursuant to Connecticut General Statute 7-325(b), for these lot owners to vote to withdraw from the tax district. Because the requirements of 73-325(b) were not met, the vote of the lot owners is a nullity and, moreover, since no quorum was present at the meeting of the board of directors on June 4, 1988, that vote is also a nullity.
Board members Ristau and Offenburger testified at the trial that the board of directors always considered a quorum to be a majority of the members of the board. The defendant introduced as an exhibit the minutes of the meeting of the Millstone Ridge Tax District on May 21, 1988, which elected a new board containing nine members. Four members of that board do not constitute a quorum, and both Ristau and Offenburger further testified that the board never considered this to be a valid vote. The charter of Millstone Ridge Tax District, introduced into evidence by the plaintiffs, corroborates the testimony of Offenburger and Ristau in Article 3, Sections 3 and 5, that the practice of the board to require five members for a quorum was memorialized in the final written charger of the tax district.
For the reasons set forth, the court finds the issues for the defendant and enters judgment accordingly with costs.
PICKETT, J.
APPENDIX A CT Page 7405
STIPULATION
FIRST COUNT
1. The plaintiffs are taxpayers in the Town of New Milford and are owners of real property known as Lots 1 through 9 of the Millstone Ridge subdivision as shown on a certain map entitled "Map Showing Lots Millstone Ridge on Lake Candlewood, July, 1934, L.W. Marsh, Surveyor" which map is on file in the office of the town clerk of the Town of New Milford as Maps 241 and 506R, as revised on a certain resubdivision map entitled "Map Prepared for Walter Gotlieb, Jerusalem Road" which map is on file in the office of the Town Clerk of the Town of New Milford as Map 819R and is attached hereto as Plaintiff's Exhibit A.
2. The defendant, Millstone Ridge Tax District, hereinafter referred to as the "Tax District", purports to be a tax district organized and existing by virtue of Connecticut General Statutes Section 7-324 et seq., and was allegedly formed at a public hearing which was held on October 24, 1987. All the lots included in the subdivision map referred to in Paragraph 1 above were ultimately included within the purported boundaries of the Tax District. Copies of its original charter and revised charter are attached hereto as Exhibit B and B1.
3. The individual defendants purport to be officers and/or members of the Board of Directors of the Tax District.
4. Since its purported creation, the Tax District has issued annual assessments for road and beach taxes to the plaintiffs and to all other property owners within its purported territorial limits. Copies of the tax bills issued to the owners of Lots 1-9 since the purported creation of the Tax District are attached hereto as Exhibit C.
5. Connecticut General Statutes Section 7-325 requires that within thirty days after the election of officers of a newly formed tax district, the clerk of such district must:
 "cause its name and a description of its territorial limits and of any additions that may be made thereto to be recorded in the land records of the town in which such district is located and shall report to the secretary of the Office of Policy and Management . . . such report shall include the name of the district, a list of officers of such district and such other information on the organization of such district as the office of the secretary of the Office of Policy and Management may request."
6. The Clerk of the defendant Tax District failed to record such information with the Town Clerk of the Town of New Milford and failed to report such information to the State of Connecticut Office of Policy and Management within thirty days after the election of officers as required CT Page 7406 by Section 7-325 of the Connecticut General Statutes.
7. The Millstone Ridge Tax District notified the State of Connecticut Office of Policy and Management of its existence on May 25, 1988.
8. A Special Act of the Connecticut General Assembly, entitled "An Act Validating Certain Actions of the Board of Selectmen of the Town of Wilton and the Millstone Ridge Tax District in the Town of New Milford", No. 89-13, was passed and approved on May 17, 1989. A copy of the Special Act is attached hereto as Defendant's Exhibit A.
SECOND COUNT (The following facts are hereby stipulated to in addition to those set forth in First Count above).
1. Connecticut General Statutes Section 7-325 provides that the territorial limits of a district organized pursuant to Section 7-324, et seq., shall contain only "contiguous" property.
2. Candlewood Lake Road, which is a public road and is maintained by the Town of New Milford, lies within the Tax District.
THIRD COUNT (The following facts are hereby stipulated to in addition to those set forth in First Count above).
1. The Tax District was organized for the primary purpose of financing the maintenance of the private beach and private roads located within the Mill Stone Ridge Subdivision. The charter of the Tax District sets forth its additional purposes.
2. The plaintiffs' properties are situated on Candlewood Lake Road North, a public road which is maintained by the Town of New Milford, and the plaintiffs' properties are accessed solely by public roads. Lot has an easement over Millstone Ridge Road.
3. The plaintiffs do not use and have not used the private roads which the Tax District proposes to maintain with funds derived from the tax it has levied upon the plaintiffs, but are not prohibited from doing so.
4. The plaintiffs' properties border on Lake Candlewood and the plaintiffs all have direct rights of access to the Lake. The plaintiffs do not use and have not used the Millstone Ridge Beach which the Tax District maintains with funds derived from the tax that it has levied on the plaintiffs. Copies of the deeds into each of the plaintiffs are attached hereto as Exhibits D 1-9. Plaintiffs have not been prohibited from using any of the tax district properties or improvements. Plaintiffs have enjoyed exclusive rights to the areas located between the waters of Candlewood Lake and the plaintiffs' individual lots, to the exclusion of all others, except Connecticut Light and Power Company, CT Page 7407 which owns a fee interest up to the 440' contour line.
FOURTH COUNT (The following facts are hereby stipulated to in addition to those set forth in First Count above).
1. Connecticut General Statutes, Section 7-325 provides the mechanism a by which the area of a tax district may be reduced. Section 7-325(b) provides in part:
 "any district may enlarge or reduce its territorial limits if the board of directors of the district approves a resolution proposing such an enlargement or reduction and stating the proposed boundaries of the area proposed to be included or excluded, as the case may be, provided: (1) the board of directors of the district shall call a meeting of voters of the area proposed to be included or excluded, which meeting shall be held within thirty days of the board of directors' approval of such resolution and shall be called by a publication of a written notice of same, signed by the member of the board of directors of the district, at least fourteen days before the time fixed for such meeting and two successive issues of the newspaper published or circulated in such town; (2) a two-thirds majority of the voters of the area proposed to be included or excluded in attendance at such meeting vote in favor of adjoining or leaving such district . . ."
2. The Board of Directors of the Tax District called a special meeting of the Board to be held on June 4, 1988 for the purpose of excluding the owners of Lots 1 through 8 of the Millstone Ridge subdivision from said Tax District.
3. On May 26, 1988, notice of the aforesaid meeting of the Board of Directors of the Tax District to be held on June 4, 1988 at the New Milford Town Hall was published in the New Milford Times.
4. The meeting was held pursuant to said notice and at said meeting on June 4, 1988,* voted unanimously to approve a resolution to exclude Lots 1 through 8 of the Millstone Ridge subdivision from the Tax District. The following board members were present and voted: Edward Philips, John Bilko, Joan Aubin, and Pat Hackett.**
5. Thereafter, on June 13, 1988, notice of a special meeting of the owners of Lots 1 through 8 to be held on June 25, 1988 was published in the News Times. Said meeting was called by the Board for the purpose of voting on the resolution passed by the Board of Directors. The Board intentionally did not publish an additional notice of said meeting in a successive issue of the New Milford Times as required by Connecticut General Statutes Section 7-325(b) because the Board considered the June 4, 1988 vote to be a nullity.
6. Despite the Tax District's failure to publish the additional notice, all owners of Lots 1 through 8 met at the special meeting on June CT Page 7408 25, 1988 and voted unanimously in favor of leaving the Tax District.
THE PLAINTIFFS
 By _______________ Richard D. Arconti Secor, Cassidy McPartland, P.C. 301 Main Street Danbury, CT 06810
THE DEFENDANTS
 By _______________ Vincent McCarthy 8 South Main Street New Milford, CT 06776